JS 44 (Rev. ...) JP 17-cv-4233

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

17 4233

**I. (a) PLAINTIFFS**
TIMOTHY LENNON AND KATTELIE SYLVESTRIE, H/W

**DEFENDANTS**
ZBIGNIEW KWIELINSKI AND L U TRANSPORT INC

**(b)** County of Residence of First Listed Plaintiff BUCKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant KINGS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SWARTZ CULLETON - BRANDON A. SWARTS - 215-550-6553
547 E. WASHINGTON AVENUE
NEWTOWN, PA 18940

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
MOTOR VEHICLE ACCIDENT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE DOCKET NUMBER

SEP 21 2017

DATE 09/19/2017 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

JP JP

Submit by Email | Print Form

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

17 4233

Address of Plaintiff: 72 TEMPERED OAK LANE, LEVITTOWN, PA 19054

Address of Defendant: 148 FREEMAN STREET, APT. 3L, BROOKLYN, NY 11222

Place of Accident, Incident or Transaction: FALLS TOWNSHIP, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes ☐ No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, BRANDON A. SWARTZ, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10/19/2015 ______ Attorney-at-Law 78344 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

BRANDON A. SWARTZ

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

SEP 21 2017

DATE: 10/19/2015 ______ Attorney-at-Law 78344 Attorney I.D.#

CIV. 609 (6/08)










IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| TIMOTHY LENNON AND KATTELIE SYLVESTRIE, H/W | : | CIVIL ACTION |
| v. | : | |
| ZBIGNIEW KWIELINSKI L U TRANSPORT INC | : | NO. 17 4233 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 9/19/2017 | Brandon A. Swartz | Plaintiff, TIMOTHY LENNON AND KAT |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-550-6553 | 215-550-6557 | bswartz@swartzculleton.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 21 2017



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIMOTHY LENNON AND KATTELIE SYLVESTRIE, H/W<br>*Plaintiffs,*<br>v.<br>ZBIGNIEW KWIELINSKI<br>and<br>L U TRANSPORT INC<br>*Defendant.* | : | CIVIL ACTION NO.<br>17 4233<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

## I. PARTIES

1. Plaintiffs, Timothy Lennon and Kattelie Sylvestrie, h/w, are adult individuals and citizens of the Commonwealth of Pennsylvania, residing therein at 72 Tampered Oak Lane, Levittown, PA 19054.

2. Defendant, Zbigniew Kwielinski, is an adult individual and citizen of the State of New York, residing therein at 148 Freeman Street, Apt. 3L, Brooklyn, NY 11222.

3. Defendant, L U Transport Inc., was and is now a business entity, believed to be a business corporation, duly organized and existing under the law of the State of Illinois, with a principal place of business and corporate headquarters located at 2648 W. 50th Street, Chicago, IL 60632.

## II. JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

5. The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the District.

## III. STATEMENT OF CLAIMS

7. At all times material herein, Defendants, Zbigniew Kwielinski and L U Transport Inc., owned, leased, possessed, maintained, inspected, controlled and/or operated a certain 2015 Volvo Semi-Trailer motor vehicle, Illinois license plate #P848647 and trailer tag #600120ST, which was involved in the motor vehicle accident hereinafter described.

8. On or about December 29, 2016, Plaintiff, Timothy Lennon, was operating a certain 2004 Chevrolet Malibu motor vehicle, Pennsylvania license plate #JXL4955, which was traveling southbound on US Route 13 near its intersection with US Route 1 in Falls Township, Pennsylvania, which was involved in the motor vehicle accident hereinafter described.

9. On or about December 29, 2016, Plaintiff Timothy Lennon was operating the aforesaid motor vehicle, which was lawfully traveling southbound on US route 13 near its intersection with US Route 1 in Falls Township, Pennsylvania, when, suddenly and without warning, the aforesaid vehicle, owned by Defendant L U Transport Inc. and operated by Defendant Zbigniew Kwielinski, which was traveling northbound on US Route 1, disregarded a stop sign while attempting to enter the southbound travel lane of US Route 13, and struck the Plaintiff's vehicle with such force so as to cause Plaintiff to sustain severe and permanent injuries as described more fully hereinafter.

10. Upon information and belief, Defendant Zbigniew Kwielinski received a traffic citation for careless driving as a result of the motor vehicle accident described herein due to his

violation of the Pennsylvania Vehicle Code.

11. The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence, carelessness and recklessness of the Defendants and was due in no manner to any act or failure to act on the part of the Plaintiff.

**COUNT I**
**TIMOTHY LENNON v. ZBIGNIEW KWIELINSKI**
**NEGLIGENCE**

12. Plaintiffs hereby incorporate by reference paragraphs one (1) through eleven (11) of the within Complaint as though the same were fully set forth at length herein.

13. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, Zbigniew Kwielinski, which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Timothy Lennon, more specifically disregarding a stop sign and striking the Plaintiff's vehicle, driving carelessly and driving too fast for the conditions of the roadway;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the highway;

(f) failing to regard the point and position of the Plaintiff's vehicle upon the highway;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the highway;

(i) failing to prevent the aforesaid motor vehicle from striking the Plaintiff's aforesaid vehicle; more specifically, disregarding a stop sign and striking the Plaintiff's vehicle, driving carelessly and driving too fast for the conditions of the roadway;

(j) failing to keep the aforesaid vehicle in the proper lane of traffic;

(k) failing to follow the Code of Federal Regulations 49 C.F.R. *et seq.* with respect to driver hours;

(l) failing to follow the Code of Federal Regulations 49 C.F.R. *et seq.* with respect to the operation of the aforesaid semi-trailer;

(m) failing to follow the Code of Federal Regulations 49 C.F.R. *et seq.* with respect to driver qualifications;

(n) failing to follow the Code of Federal Regulations 49 C.F.R. *et seq.* with respect to the inspection of the aforesaid semi-trailer;

(o) otherwise failing to exercise due and proper care under the circumstances; and

(p) violating various ordinances and statutes pertaining to the operation of motor vehicles, including but not limited to Pennsylvania Vehicle Code section 3714.

14. By reason of the aforesaid negligence of the Defendant, Plaintiff, Timothy Lennon, has suffered severe and permanent injuries, including, but not limited to, lumbar sprain and strain, lumbar radiculopathy, post-lumbar laminectomy syndrome, disc protrusion at L4-L5, cervical disc bulges, cervical spondylosis, and cervical facet-mediated pain, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

15. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums

of money and to incur various expenses for the injuries which he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

16. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

17. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which he may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701 et. seq. as amended, for which he claims damages herein.

18. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

19. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of a use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

20. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

21. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

22. Plaintiff in no manner contributed to his injuries, which were the direct and proximate result of the Defendant's negligence and carelessness.

23. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Timothy Lennon, demands judgment against Defendant, Zbigniew Kwielinski, in an amount in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00), together with any such other relief as the Court deems adequate, just and proper under the circumstances.

**COUNT II**
**TIMOTHY LENNON v. L U TRANSPORT INC**
**NEGLIGENCE**

24. Plaintiffs hereby incorporate by reference paragraphs one (1) through twenty-three (23) of the within Complaint as though the same were fully set forth at length herein.

25. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, L U Transport Inc., which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Timothy Lennon, more specifically disregarding a stop sign and striking the Plaintiff's vehicle, driving carelessly and driving too fast for the conditions of the roadway;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the highway;

(f) failing to regard the point and position of the Plaintiff's vehicle upon the highway;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the highway;

(i) failing to prevent the aforesaid motor vehicle from striking the Plaintiff's aforesaid vehicle; more specifically, disregarding a stop sign and striking the Plaintiff's vehicle, driving carelessly and driving too fast for the conditions of the roadway;

(j) failing to keep the aforesaid vehicle in the proper lane of traffic;

(k) failing to follow the Code of Federal Regulations 49 C.F.R. *et seq.* with respect to driver hours;

(l) failing to follow the Code of Federal Regulations 49 C.F.R. *et seq.* with respect to the operation of the aforesaid semi-trailer;

(m) failing to follow the Code of Federal Regulations 49 C.F.R. *et seq.* with respect to driver qualifications;

(n) failing to follow the Code of Federal Regulations 49 C.F.R. *et seq.* with respect to the inspection of the aforesaid semi-trailer;

(o) entrusting its aforesaid tractor-trailer to Defendant Zbigniew Kwielinski;

(p) failing to properly recognize prior accidents of its employees, such as Defendant Wheeler Brodie;

(q) failing to properly hire employees qualified to drive commercial vehicles;

(r) failing to properly train, monitor and supervise its employees;

(s) failing to train employees on proper driving safety;

(t) otherwise failing to exercise due and proper care under the circumstances; and

(u) violating various ordinances and statutes pertaining to the operation of

motor vehicles, including but not limited to Pennsylvania Vehicle Code section 3714.

26. By reason of the aforesaid negligence of the Defendant, Plaintiff Timothy Lennon has suffered severe and permanent injuries, inclnding, but not limited to, lumbar sprain and strain, lumbar radiculopathy, post-lumbar laminectomy syndrome, disc protrusion at L4-L5, cervical disc bulges, cervical spondylosis, and cervical facet-mediated pain, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

27. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

28. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

29. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which he may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701 et. seq. as amended, for which he claims damages herein.

30. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may

hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

31. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of a use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

32. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

33. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

34. Plaintiff in no manner contributed to his injuries, which were the direct and proximate result of the Defendant's negligence and carelessness.

35. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Timothy Lennon, demands judgment against Defendant, L U Transport Inc., in an amount in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00), together with any such other relief as the Court deems adequate, just and proper under the circumstances.

**COUNT III**
**KATTELIE SYLVESTRIE v. ALL DEFENDANTS**
**LOSS OF CONSORTIUM**

36. Plaintiffs hereby incorporate by reference paragraphs one (1) through thirty-five (35) of the within Complaint as though the same were fully set forth at length herein.

37. As a further result of the incident described herein, Plaintiff, Kattelie Sylvestrie, has snffered the loss of earnings, society, consortium and services of her husband, Plaintiff Timothy Lennon, to which she is legally entitled.

38. As a further result of the incident described herein, Plaintiff, Kattelie Sylvestrie, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendants' negligence, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Kattelie Sylvestrie, demands judgment against all Defendants in an amount in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00), together with any such other relief as the Court deems adequate, just and proper under the circumstances.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all claims.

Respectfully,

**SWARTZ CULLETON PC**

By: /s/Brandon A. Swartz
Brandon A. Swartz, Esquire
Bryan M. Ferris, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: 215-550-6553
F: 215-550-6557

*Attorneys for Plaintiffs,*
Timothy Lennon and,
Kattelie Sylvestrie, h/w

Date: September 19, 2017